UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHEMIRA HAWKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01803-ACL |
| | ) | |
| CHRIS MCBEE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Shemira Hawkins' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court will order petitioner to show cause as to why her petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

### **Background**

On November 25, 2008, petitioner was charged with second degree murder and armed criminal action. *State of Missouri v. Hawkins*, No. 0822-CR06480-01 (22nd Judicial Cir., St. Louis City). She pled guilty to both counts on July 9, 2010. That same day, she was sentenced to twenty years imprisonment on each count, the sentences to run concurrently. Petitioner did not file a direct appeal.

Petitioner filed a motion to vacate in the circuit court on January 13, 2011. *State of Missouri v. Hawkins*, No. 1122-CC00126 (22nd Judicial Cir., St. Louis City). The motion was denied on May 4, 2011. Petitioner filed a notice of appeal on June 13, 2011. The Missouri Court of Appeals affirmed the circuit court on February 14, 2012. *State of Missouri v. Hawkins*, 358 S.W.3d 588 (Mo. App. 2012). On March 9, 2012, the Court of Appeals issued its mandate.

Petitioner filed the instant petition for writ of habeas corpus on October 10, 2018, by placing it in the prison mailing system.[1] (Docket No. 1 at 13).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. The one-year statute of limitations found in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal,

---

[1] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

judgment becomes final ten days after sentencing. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"). Petitioner was sentenced on July 9, 2010. She did not file a direct appeal. Therefore, her judgment became final on July 19, 2010, after the ten-day period for filing an appeal expired.

The AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitation period under this subsection"). Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely). Petitioner filed her state post-conviction motion on January 13, 2011. The Court of Appeals issued its mandate on March 9, 2012. The period between January 13, 2011 and March 9, 2012 does not count against petitioner's one-year statute of limitations.

However, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003). As noted above, petitioner's judgment became final on July 19,

2010. She did not file her state post-conviction motion until January 13, 2011. This period of one-hundred-seventy-eight (178) days counts against petitioner's one-year statute of limitations.

A total of six years, seven months, and one day elapsed between the Court of Appeal's mandate on March 9, 2012 and petitioner placing her petition in the prison mail system on October 10, 2018. This period also counts against petitioner's one-year statute of limitations. Even before adding the one-hundred-seventy-eight days that elapsed between petitioner's judgment becoming final and the filing of her state post-conviction motion, petitioner has far exceeded the one-year statute of limitations for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Put another way, on January 13, 2011, when petitioner filed her state motion for post-conviction relief, one-hundred-seventy-eight days of her limitations period had already run, leaving her a balance of one-hundred-eighty-seven (187) days remaining. The limitations period began running again on March 9, 2012, when the Court of Appeals issued its mandate. From that point, petitioner had one-hundred-eighty-seven days in which to timely file her petition, meaning she would have needed to file by September 12, 2012. However, petitioner did not place her petition in the prison mail system until October 10, 2018, six years and twenty-eight days after the one-year limitations period expired. As such, it appears that petitioner's petition is time-barred.

Before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). As a result, the Court will order petitioner to show cause, in writing and no later than thirty days from the date of this order, why this action should not be dismissed as time-barred.

Accordingly,

4

**IT IS HEREBY ORDERED** that petitioner shall show cause within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

Dated this 28th day of February, 2019.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE