# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHEMIRA HAWKINS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:18CV1803 ACL |
| CHRIS MCBEE, | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner Shemira Hawkins's response to the Court's February 28, 2019 order to show cause. (Docket No. 9). The Court had ordered petitioner to show cause why her 28 U.S.C. § 2254 petition for writ of habeas corpus should not be dismissed as time-barred. Having carefully reviewed petitioner's response, and for the reasons discussed below, the Court must dismiss this action as time-barred pursuant to 28 U.S.C. § 2244.

## Background

On November 25, 2008, petitioner was charged with second degree murder and armed criminal action. *State of Missouri v. Hawkins*, No. 0822-CR06480-01 (22nd Judicial Cir., St. Louis City). She pled guilty to both counts on July 9, 2010. That same day, she was sentenced to twenty years imprisonment on each count, the sentences to run concurrently. Petitioner did not file a direct appeal.

Petitioner filed a motion to vacate in the circuit court on January 13, 2011. *State of Missouri v. Hawkins*, No. 1122-CC00126 (22nd Judicial Cir., St. Louis City). The motion was denied on May 4, 2011. Petitioner filed a notice of appeal on June 13, 2011. The Missouri Court

of Appeals affirmed the circuit court on February 14, 2012. *State of Missouri v. Hawkins*, 358 S.W.3d 588 (Mo. App. 2012). On March 9, 2012, the Court of Appeals issued its mandate.

Petitioner filed the instant petition for writ of habeas corpus on October 10, 2018, by placing it in the prison mailing system.[1] (Docket No. 1 at 13).

On February 28, 2019, the Court issued an order to show cause why petitioner's petition should not be dismissed as barred by the one-year statute of limitations provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). (Docket No. 8). Specifically, the Court noted that petitioner's limitations period expired on September 12, 2012, but she did not file her petition until October 10, 2018, over six years later. Petitioner was given thirty days from the date of the order in which to show cause why her case should not be dismissed. She has duly complied with this order by filing a response on March 11, 2019.

### Petitioner's Response

Petitioner attributes the delay in filing her petition to the fact that when she was sentenced in 2010, she was "illiterate to the law and indigent." (Docket No. 9 at 2). As such, she states that it has taken her "nearly a decade to comb through" the facts and logistics of her case, as well as seek legal consultation. Further, petitioner has received additional charges that needed to be settled in order for her to seek a reduction in her initial sentence. Now, however, petitioner states that she is ready to fight for her freedom.

In her show cause response, petitioner lists a number of alleged violations of her constitutional rights with regard to her conviction. She states that at the time of her arrest and plea, she was suffering from PTSD and post-partum depression. She asserts that her attorneys coerced her to plead guilty, and that she did so out of fear of a life sentence. She claims that the

---

[1] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

wounds she inflicted on her victim may or may not have caused his death, and that the victim's blood alcohol content maximized his physical strength when he encountered her. In short, she claims there is "a significant difference between the murder of a tax paying law abiding citizen and the manslaughter of an indigent alcoholic, combative felon." (Docket No. 9 at 3). As such, she concludes that she should not have been convicted of murder, but of a lesser charge of manslaughter. Additionally, petitioner believes that the sentence she received was given without leniency or compassion. (Docket No. 9 at 4).

Petitioner further asserts that her trial counsel was ineffective. (Docket No. 9 at 2). Specifically, she claims that the "evidence and witness statements for trial seemed to be too complicated and overwhelming for counsel to gather."

Petitioner notes that she has made a very poor adjustment to prison, and that the Missouri Department of Corrections has not provided sufficient treatment for her mental health needs. She states that since her arrest, she has matured, and that she is now fully prepared to reenter society. (Docket No. 9 at 3-4). She asserts that she was "denied" her initial appeals because of her plea bargain. (Docket No. 9 at 4). She also states that she filed a clemency petition with the governor four-and-a-half years ago, which is still pending. For these reasons, petitioner states that she deserves "reconsideration, reduction of sentence and classification of [her] crime."

## Discussion

Under the AEDPA, Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Specifically, 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after sentencing. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final").

In the instant case, petitioner was sentenced on July 9, 2010, following a guilty plea. She did not file a direct appeal. Therefore, her judgment became final on July 19, 2010, after the ten-day period for filing an appeal expired. The one-year statute of limitations in § 2244(d)(1) began running on that date.

Petitioner did not file a state post-conviction motion until January 13, 2011. The period of time "between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003). As noted above, petitioner's judgment became final on July 19, 2010. She did not file her state post-conviction motion until January 13, 2011. This period of one-hundred-seventy-eight (178) days counts against petitioner's one-year statute of limitations.

However, the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitation period under this subsection"). Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

As noted above, petitioner filed her state post-conviction motion on January 13, 2011. At that point, the one-year statute of limitations period was tolled pending the outcome of her post-conviction proceedings. The Court of Appeals issued its mandate on March 9, 2012, at which point petitioner's post-conviction proceedings were final. Therefore, the period between January 13, 2011 and March 9, 2012 does not count against petitioner's one-year statute of limitations.

On March 9, 2012, petitioner's limitations period began running again. At this point, one-hundred-seventy-eight (178) days had already elapsed, which is the period between the date her

5

judgment became final and the date she filed her state post-conviction motion. This left her a balance of one-hundred-eighty-seven (187) days from March 9, 2012 in which to file her federal habeas petition. In other words, petitioner needed to file by September 12, 2012 to be within the one-year period. However, she did not place her petition in the prison mail system until October 10, 2018, six years and twenty-eight days later. This is well beyond the one-year limitations period provided by § 2244(d). Therefore, petitioner's § 2254 petition is time-barred.

In her response to the Court's order to show cause, petitioner asserts that the statute of limitations should be equitably tolled for the following reasons: that her trial counsel was ineffective; that she was mentally and physically unstable at the time of her arrest and plea; that she was indigent; that she did not understand the law; that she had additional charges that needed to be settled; that the evidence in her case demonstrates that she was guilty of manslaughter, not murder; that her sentence was excessive; and that she filed a clemency petition that is still pending. Nothing in petitioner's show cause response demonstrates that she is entitled to equitable tolling.

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018).

With regard to the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Furthermore, the extraordinary circumstance must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012).

Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805. "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

To begin, petitioner's assertions about ineffective assistance of counsel are clearly insufficient, as faulty legal assistance alone does not warrant equitable tolling. *See Walker v. Norris*, 436 F.3d 1026, 1033 (8th Cir. 2006). *See also Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002). Moreover, her accusations are leveled at her trial counsel, which does nothing to explain her failure to file a habeas petition long after that attorney exited the scene.

Next, petitioner's vague references regarding her mental health fail to demonstrate that it was impossible for her to file her habeas petition. In assessing a claim of mental or physical impairment for purposes of equitable tolling, the focus is on "degree and duration." *See Fayram*, 849 F.3d at 698. However, petitioner gives no indication as to the level of seriousness of her mental health issues, how long they lasted, or how in particular these issues kept her from timely filing her petition. She does not allege, for example, that her condition meant that she was restricted in any way from filling out or filing legal paperwork for any extended period of time.

*See Gordon v. Arkansas*, 823 F.3d 1188, 1195-96 (8th Cir. 2016) (explaining that prisoner who was on restrictive treatment-precaution conditions for three months of his twelve month statute of limitations period failed to show why he could not have filed his federal habeas petition in the remaining nine months).

Petitioner's contentions that she was indigent and did not understand the law are also unavailing, because they do not present extraordinary circumstances. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (stating that a prisoner's pro se status, lack of legal knowledge or resources, his confusion about or miscalculations of the limitations period, or his failure to recognize the legal ramifications of actions take in prior post-conviction proceedings are not adequate for equitable tolling purposes). Likewise, her stated necessity of waiting for additional criminal charges to be settled does not constitute an extraordinary circumstance, because such a circumstance was attributable to her, rather than external forces beyond her control. *See Johnson*, 678 F.3d at 611.

Much of petitioner's show cause response is devoted to explaining why she should have been convicted of manslaughter, rather than murder, and given a sentence commensurate to the lesser charge. For instance, she alleges that her victim engaged in an altercation with her while she was pregnant; that he was intoxicated; that it is not clear that the stab wounds she inflicted caused his death; and that she suffered from battered woman's syndrome. These allegations are not relevant to the application of equitable tolling, because they do not go to the issue of whether petitioner diligently pursued her rights, and whether there was an extraordinary circumstance keeping her from filing her petition in the first place.

Liberally construed, petitioner seems to be attempting to argue that her inability to present these claims to a federal court would be an extraordinary circumstance in and of itself.

Such an argument, however, is invalid, since it would create an exception to the statute of limitations that goes beyond the "exceedingly narrow window of relief" provided by equitable tolling. *See Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (stating that accepting petitioner's argument that his inability to present his claims to the court is itself an extraordinary circumstance "would invalidate Congress's judgment that one year represents a fair and appropriate limitations period and…nullify the limitation").

Finally, petitioner's assertion that she has filed a clemency petition with the governor that is still pending does not allow her to avoid the statute of limitations. The AEDPA provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitation period." 28 U.S.C. § 2244(d)(2). However, this tolling period applies to judicial proceeding, not state clemency proceedings. *Malcom v. Payne*, 281 F.3d 951, 959 (9th Cir. 2002). Moreover, petitioner notes that she filed for clemency four-and-a-half years ago. As discussed above, though, petitioner did not file her habeas action until six years and twenty-eight days after the expiration of the one-year limitations period. In other words, it appears that she first filed for clemency after the statute of limitations had already expired.

For the reasons discussed above, petitioner has failed to demonstrate that she confronted an extraordinary circumstance that kept her from filing her petition. Furthermore, petitioner has failed to show that she pursued her rights with reasonable diligence. As previously noted, petitioner did not file her habeas petition until six years and twenty-eight days after the one-year statute of limitations period ran out. This lengthy interval of inactivity is not indicative of reasonable diligence. *See Buckley*, 881 F.3d at 666-67 (stating that sixty-seven months of inactivity by prisoner wishing to challenge conviction is not reasonable diligence).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it is plainly apparent that petitioner's case is time-barred, as her petition was filed more than six years after the one-year statute of limitations expired. Moreover, her response to the Court's show cause order does not establish that equitable tolling is applicable to her case. Therefore, the Court must dismiss her petition pursuant to 28 U.S.C. § 2244.

Finally, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); and *Slack v. McDaniel*, 529 U.S. 473, 483-95 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. *See* Rule 4 of the Rules Governing Habeas Corpus Proceedings. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 15th day of March, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE